Dear Sheriff Valteau:
You have requested an opinion from our office with regard to whether deputy sheriffs hired after March 31, 1986 to perform "line" (enforcement) duties, as opposed to purely clerical or non-enforcement duties, who are later re-assigned to purely clerical or non-enforcement duties, must continued to be paid state supplemental pay.
In 1986, LSA-R.S. 33:2218.8 was amended so as to now provide, in pertinent part, as follows:
 A. In order to promote the public peace and safety in the parishes of the state, by providing better enforcement of law and particularly the enforcement of state laws by deputy sheriffs, every commissioned deputy sheriff employed on a full-time basis shall be paid by the state extra compensation . . . For the purpose of this Section any deputy sheriff hired after March 31, 1986, primarily to perform purely clerical duties, . . . whether or not a duly commissioned deputy sheriff or post-certified, shall not be deemed to be a commissioned deputy sheriff entitled to additional compensation out of state funds.
The first sentence of Subsection A (above) indicates that the purpose of the statute is the promotion of the public peace and safety through enforcement of state laws by deputy sheriffs. That Subsection further indicates that deputy sheriffs hired primarily to perform purely clerical or non-enforcement duties should not receive state supplemental pay.
The statute uses the word "hired", and provides for a demarcation date of March 31, 1986. However, in order to give meaning to the stated purpose of the statute, we reason that the word "hired" was intended to mean "employed". It further appears that the March 31, 1986 date was intended only to "protect", by continuing their current status and benefits, that is, their entitlement to state supplemental pay, those deputy sheriffs hired/employed prior to that date.
It is our opinion that the intent of the statute is to provide state supplemental pay for commissioned deputy sheriffs who are engaged in enforcement duties, and to deny such pay to those who are primarily performing purely clerical or non-enforcement duties. Therefore, it is our opinion that, as to deputies hired after March 31, 1986, their entitlement to state supplemental pay depends on the duties they are currently assigned to perform. Thus, commissioned deputy sheriffs, hired after March 31, 1986, whose current employment (duties) primarily involves the performance of purely clerical or non-enforcement duties are not eligible to receive state supplemental pay, regardless of the fact that they were hired to or were assigned to perform enforcement duties when hired. Conversely, commissioned deputy sheriffs, whenever hired, whose current employment (duties) primarily involves the performance of enforcement duties are eligible to receive state supplemental pay, regardless of the fact that they were hired to or were assigned to perform purely clerical or non-enforcement duties when hired.
Trusting this to be sufficient for your purposes, I am
Yours very truly
 RICHARD P. IEYOUB, Attorney General
 BY: NORMAN W. ERSHLER Assistant Attorney General
RPI/NWE:pb-0673l